IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHAW aka JOHN HSIA,

    Petitioner,

  v.

RALPH M. DIAZ, Warden,

    Respondent.
_____/

No. C 13-1739 CW (PR)

ORDER TO SHOW CAUSE

    Petitioner, a state prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal conviction.  He has paid the $5.00 filing fee.  It does not appear from the face of the petition that it is without merit.[1]  Good cause appearing, the Court hereby issues the following orders:

    1.  The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[2]  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    2.  No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an

---

[1] The Court refers Respondent to Petitioner's prior habeas action which the Court dismissed for failure to exhaust state remedies.  See Shaw v. Wong, C 09-0077 CW (PR).

[2] **Error! Main Document Only.**Ralph M. Diaz, the warden at the California Substance Abuse and Treatment Facility at Corcoran, where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

United States District Court
For the Northern District of California

Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than <u>thirty</u> days from his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3.   No later than <u>sixty</u> days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>twenty-eight</u> days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within <u>fourteen</u> days of receipt of an opposition.

4.   It is Petitioner's responsibility to prosecute this case.  He must keep the Court and Respondent informed of any change of address and comply with the Court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 6/5/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE