IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHAW aka JOHN HSIA,<br><br>    Petitioner,<br><br>  v.<br><br>TIM PEREZ, Acting Warden,<br><br>    Respondent.[1]<br>_____/ | No. C 13-1739 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO SUBSTITUTE NEW WARDEN AS RESPONDENT AND DENYING PETITIONER'S MOTION TO JOIN HABEAS AND CIVIL RIGHTS CASES<br><br>Doc. Nos. 13, 14, and 19 |

Petitioner, a state prisoner at the Correctional Institute for Men (CIM) in Chino, California, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal conviction. On June 5, 2013, the Court ordered Respondent to show cause why the petition should not be granted. Doc. no. 11. On August 5, 2013, in lieu of an answer, Respondent filed a motion to dismiss the petition as untimely and as procedurally defaulted. Doc no. 14. Petitioner filed an opposition to the motion, Respondent filed a reply and Petitioner filed a second response to the motion, which the Court accepts as a sur-reply. Petitioner also filed a motion to join his pending civil rights case with this habeas action, doc. no. 13, and a motion to substitute as Respondent the warden of the prison where

---

[1] Pursuant to Petitioner's request and in accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Acting Warden Tim Perez as Respondent because he is Petitioner's current custodian.

1

Petitioner currently resides, doc. no. 19.

For the reasons stated below, the Court GRANTS Respondent's motion to dismiss and Petitioner's motion to substitute the new warden as Respondent and DENIES Petitioner's motion to join his civil rights case with this habeas case.

## BACKGROUND

In 2005, as a result of a series of fraudulent real estate transactions, a Santa Clara jury convicted Petitioner of three counts of grand theft, two counts of forgery, three counts of using personal information without authorization, three counts of recording a false instrument, one count of conspiracy, one count of attempting to dissuade a witness and one count of false application for a driver's license.  Ex. 1, Ex. A, People v. Shaw, et al., no. H03050, at 1 (Cal. App. Ct. Jan. 14, 2008) (unpublished opinion).  On June 22, 2006, the trial court sentenced Petitioner to fourteen years and four months in prison. Id. at 1-2.  On January 14, 2008, the California Court of Appeal affirmed the judgment of conviction.  Id. at 15.  On April 9, 2008, the California Supreme Court denied review.  Ex. 2.

On January 8, 2009, Petitioner filed a habeas petition in this Court, case number C 09-0077 CW (PR).  On September 17, 2010, the Court granted Respondent's motion to dismiss the petition because none of the claims had been exhausted in state court. Ex. 3.

On February 4, 2013, Petitioner filed two habeas petitions in the California Supreme Court, case no. S208491 and case no. S208492.  On April 10, 2013, the California Supreme Court denied the first petition with a citation to In re Robbins, 18 Cal. 4th

2

770, 780 (1998), Ex. 5, and denied the second petition with citations to Robbins, People v. Duval, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal. 2d 300, 304 (1949), Ex. 7.

On April 17, 2013, Petitioner filed the instant petition in this Court.

## DISCUSSION

I. Motion to Dismiss

    A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner does not file a petition for a writ of certiorari in the United States Supreme Court, the

3

limitations period will begin running against him the day after the date on which the time to file such a petition expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012). Here, Petitioner's conviction became final on July 8, 2008, ninety days after the California Supreme Court denied direct review, when the time for filing a petition for writ of certiorari expired. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review). Thus, absent tolling, Petitioner had until July 8, 2009, to file his federal habeas petition. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed on April 17, 2013, therefore, is untimely unless Petitioner is entitled to statutory or equitable tolling.

        1. Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to statutory tolling. His 2009 federal habeas petition did not toll the statute because it was not a state proceeding. See Duncan v. Walker, 533 U.S. 167, 172-73 (2001) (properly filed application for federal habeas review does not toll limitations period). Petitioner's state habeas cases did not toll the limitations period because they were filed in 2013, after the limitations period had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (AEDPA does not permit the reinitiation of the

4

limitations period that has ended before the state petition is filed). Thus, Petitioner filed this petition almost four years after the July 8, 2009 statutory deadline and, absent equitable tolling, his petition is time-barred.

### 2. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling. The Supreme Court has determined that § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted). The prisoner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability timely to file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the equitable principles apply. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

In his opposition,[2] Petitioner states that the following circumstances prevented him from timely filing his state petition: (1) on February 17, 2009, a Santa Clara County jail official confiscated Petitioner's legal materials; (2) Petitioner was transferred to another Santa Clara County jail facility that had no law library or related services; (3) from May 2009 to September 2009, Petitioner was housed at San Quentin State Prison and, from September 2009 to August 2010, he was housed at High Desert State Prison, where he did not have access to his legal materials or the law library; (4) from December 2010 to December 2011, Petitioner was housed at the California Medical Facility State Prison (CMF), where he only had one hour per week in the law library and he was not provided with a magnifying glass to help his vision impairment; and (5) from December 2011 to the present, Petitioner is housed at CIM, where he has been ejected from the law library, experienced delays in the copying service, been restricted in the number of materials he can copy and was assaulted by another inmate which caused him to be moved to another yard.

Respondent argues that these circumstances are the ordinary circumstances of prison life that do not warrant equitable tolling. Respondent points out that, based upon Petitioner's own exhibit, some of Petitioner's legal materials were removed from

---

[2] Petitioner's opposition is submitted under penalty of perjury. Therefore, the Court may consider Petitioner's statements in the opposition that are from his own personal knowledge and that are admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (verified complaint may be used as an opposing affidavit under Rule 56, provided it is based on personal knowledge and sets forth specific facts admissible in evidence).

1 his cell at the Santa Clara County jail because Petitioner had
2 more than the allotted allowance of papers and that he was allowed
3 an extra bag of papers that he selected. Opp. Ex. B. With his
4 opposition, Petitioner submits a statement signed by two witnesses
5 on February 17, 2009 that an officer took one "fifty-gallon" bag
6 of legal documents from his cell. Id.
7       In Espinoza-Matthews v. California, 432 F.3d 1021, 1027 (9th
8 Cir. 2005), the Ninth Circuit held that the extraordinary
9 circumstances necessary for equitable tolling were shown when the
10 petitioner was denied access to all of his legal materials for
11 approximately one year. The court noted that it is "'unrealistic
12 to expect [a habeas petitioner] to prepare and file a meaningful
13 petition on his own within the limitations period' without access
14 to his legal file." Id. at 1028 (citations omitted); see also
15 Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (allegations
16 that petitioner was denied access to legal files during two
17 temporary transfers that lasted eighty-two days, if borne out by
18 further fact-finding, satisfied the extraordinary circumstances
19 requirement for equitable tolling). However, an impediment to
20 full access to legal materials will not provide a perpetual
21 excuse, as shown in Waldron-Ramsey, where the court disallowed
22 equitable tolling because the petition was filed 340 days late,
23 and the petitioner failed to cooperate with a reasonable prison
24 policy that limited access by allowing the prisoner to retain
25 three boxes of legal materials and have the remainder of the legal
26 materials in storage and available on request. Waldron-Ramsey v.
27 Pacholke, 556 F.3d. 1008, 1013-14 (9th Cir. 2009). Furthermore,
28 ordinary prison limitations such as lack of access to the law

7

library and copier are not extraordinary nor do they make it impossible for an inmate to file a petition in a timely manner. Ramirez, 571 F.3d at 998. Concluding otherwise would permit the exception to swallow the rule. Id.

The circumstances here are more similar to those in Ramirez and Waldron-Ramsey than to Espinoza-Matthews and Lott. Petitioner's claim that his legal materials were confiscated for four years and seven months is belied by his own evidence and statements. The inmate grievance form submitted with Petitioner's opposition indicates that some of his papers were taken from him because he had more than the allotted allowance of papers and that he was allowed an extra bag of papers that he selected. See Opp., Ex. B. Petitioner does not indicate when his bag of legal materials was returned to him. From his list of impediments to filing his petition, it can be inferred that his legal papers were returned to him some time after May 2009, when he left Santa Clara County jail custody for San Quentin State Prison. Specifically, Petitioner did not include the lack of his legal materials after he was transferred to CMF in December 2010 as an impediment to filing his petition. His listed impediments to filing at CMF are that he only had one hour per week access to the law library and he was not provided with a magnifying glass. See Opp. at 3. His listed impediments to filing at CIM, where he has been housed since December 2011, are that he was ejected from the law library, he experienced delay in copying materials, he was restricted in the number of pages he could copy and he was assaulted by another inmate which caused him to be moved to another yard. See id.

1    Petitioner's reasons for failing to file his petition after
2 his transfer to CMF in December 2010 represent the ordinary
3 limitations of prison life and not the extraordinary circumstances
4 warranting equitable tolling.  See Ramirez, 571 F.3d at 998.  Even
5 assuming that Petitioner did not have his legal materials from
6 February 2009 through December 2010, and that equitable tolling
7 applies to this period, the petition, filed on April 17, 2013,
8 would still not meet the one-year statute of limitations.
9    Long-term denial of access to a prison law library may
10 constitute an "extraordinary circumstance" warranting equitable
11 tolling.  Jones v. Blanas, 393 F.3d 918, 929-30 (9th Cir. 2004)
12 (equitable tolling warranted where prisoner could not conduct
13 research regarding preliminary claims because he was denied access
14 to library for over one year).  However, the petitioner must show
15 that the alleged long-term denial of access to the law library was
16 "the cause of his untimeliness" and "made it impossible [for him]
17 to file a petition on time."  Ramirez, 571 F.3d at 997; Gaston,
18 417 F.3d 1034-35.  Although Petitioner states that, during the
19 early years of his incarceration, he lacked access to a law
20 library, he admits that, after December 2010, he did have access,
21 even if it was for fewer hours than he would have liked.
22 Furthermore, Petitioner fails to identify what he needed to
23 research in the law library and the causal connection between his
24 inability to research and his failure to file his petition for
25 four years.  Therefore, Petitioner's argument that he lacked
26 access to a law library does not support his argument for
27 equitable tolling.
28

9

Petitioner also argues that the denial of access to his legal materials by a Santa Clara County jail official constituted a state-created impediment to filing under 28 U.S.C. § 2244(d)(1)(B).  This statute provides that a petition may be filed one year after "the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action."  However, based on the discussion above in relation to equitable tolling, Petitioner has failed to establish that State action impeded the filing of his state petition for four years.  Therefore, Petitioner's argument that § 2244(d)(1)(B) applies to this petition is unpersuasive.

Furthermore, Petitioner's other reasons for denying Respondent's motion to dismiss are without merit.  For instance, he argues that Respondent's motion to dismiss should be denied because it is untimely by one day and that Respondent changed the date the statute of limitations started to run by "fraudulently filing" a petition for a writ of certiorari without Petitioner's knowledge.

Because Petitioner cannot overcome the fact that his federal petition was filed approximately four years after the expiration of the statute of limitations, Respondent's motion to dismiss based on untimeliness is GRANTED.

B. Procedural Default

Respondent also argues that the petition must be dismissed because it is procedurally defaulted.

The doctrine of procedural default bars a federal habeas court from reviewing a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment," Coleman v. Thompson, 501 U.S. 722, 729 (1991), unless the petitioner can show cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice, Wainwright v. Sykes, 433 U.S. 72, 81-88 (1977).

Petitioner's state petitions were rejected by the California Supreme Court with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998).  A citation to Robbins signals that the petition was denied as untimely and, thus, is procedurally defaulted from federal habeas review.  See Walker v. Martin, 131 S. Ct. 1120, 1131 (2011).

Petitioner argues that California's rules for filing a timely state habeas petition are not sufficiently independent and adequate to support a finding that his petition is procedurally defaulted.  However, the Supreme Court has rejected this argument in Walker, 131 S. Ct. at 1125, 1131.

Petitioner also argues that he has shown cause and prejudice to overcome the default.

A federal court will only review a claim disposed of on an independent and adequate state ground if the petitioner shows either "cause and prejudice" or "miscarriage of justice." McClesky v. Zant, 499 U.S. 467, 494 (1991).  Under a "cause and prejudice" analysis, the petitioner must show (1) cause: that some objective factor impeded efforts to raise the claim at the

11

appropriate proceeding, and (2) prejudice: that the impediment worked to the petitioner's actual and substantial disadvantage, with errors of constitutional dimensions. Id. If the petitioner does not meet the standard for "cause and prejudice," a federal court may still review the claim if a "miscarriage of justice" occurred. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). The "miscarriage of justice" exception only applies if the petitioner claims actual innocence. Coleman, 501 U.S. at 748.

As cause for his default, Petitioner refers to his underlying claims of constitutional violations at his trial. Opp. at 7-8. However, cause for a procedural default turns on whether the petitioner can show that an objective factor external to the defense impeded efforts to comply with state procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner fails to show how an objective factor impeded his ability to file his petitions in a timely manner. Furthermore, Petitioner's one-sentence reference to his ineffective assistance of counsel claim as satisfying the cause requirement is conclusory and insufficient to meet his burden of establishing cause.

Petitioner also argues that a fundamental miscarriage of justice excuses his default. The Supreme Court has explained that claims of actual innocence are rarely successful because they require "the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not present at trial." Schlup v. Delo, 513 U.S. 298, 324-25 (1995). The petitioner must show that "it is more likely than not that no reasonable juror

12

would have convicted him in the light of the new evidence." Id. at 326. Petitioner offers no new evidence of his innocence; therefore, he fails to meet the demanding standard to establish a fundamental miscarriage of justice.

In summary, the petition is procedurally defaulted and Petitioner has not established cause and prejudice to excuse the default and has not met the standard for showing that he is actually innocent. Therefore, Respondent's motion to dismiss is granted based on grounds of procedural default as well as timeliness.

## II. Other Motions

Because the petition is dismissed, Petitioner's motion to have it joined with his civil rights action is denied as moot. Petitioner's request to have the warden at CIM substituted as Respondent is granted.

## III. Certificate of Appealability

The Court finds that no certificate of appealability (COA) is warranted in this case. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." Id. at 484. Because each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed in this Order, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural ruling that the petition is untimely and that Petitioner is not entitled to statutory or tolling and that the petition is procedurally defaulted. Accordingly, a COA is DENIED.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's motion to join his civil rights action with this petition is denied as moot. Doc. no. 13.

2. Petitioner's motion to substitute the warden of CIM as Respondent is granted. The Clerk of the Court is directed to substitute Tim Perez, Acting Warden of CIM, as Respondent. Doc. no. 19.

3. Respondent's motion to dismiss is granted. Doc. no. 14. The Clerk is directed to enter judgment and close the case.

4. This Order terminates docket numbers 13, 14 and 19.

IT IS SO ORDERED.

Dated: 1/16/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE