IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

JOHN SHAW aka JOHN HSIA,

       Petitioner,

   v.

TIM PEREZ, Acting Warden,

       Respondent.

</td><td>

No. C 13-1739 CW (PR)

ORDER DENYING PETITIONER'S MOTIONS TO PROCEED IFP ON APPEAL, TO APPOINT COUNSEL ON APPEAL AND FOR RELIEF FROM JUDGMENT

Doc. Nos. 26, 27 and 31

</td></tr>
</table>

On January 16, 2014, this Court issued an Order Granting Respondent's Motion to Dismiss this petition based on untimeliness. On the same day, judgment was entered in favor of Respondent. On February 3, 2014, Petitioner filed a notice of appeal. On February 7, 2014, the Ninth Circuit filed a notice that it had received Petitioner's notice of appeal and assigned it case number 14-15231. Doc. no. 29. Also, on February 3, 2014, Petitioner filed motions for leave to appeal in forma pauperis (IFP) and for appointment of counsel on appeal. On February 10, 2014, Petitioner filed a motion for relief from the judgment filed on January 16, 2014.

Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, Petitioner's request to proceed IFP on appeal is DENIED. Although he states that he is unable to pay the filing fee because of his poverty, he does not attach an affidavit that "shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs."

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

Fed. R. App. P. 24(a)(1)(A).  Because Petitioner paid the filing
fee when his case was before the district court, <u>see</u> doc. no. 6,
he has not previously been granted IFP status and, thus, Federal
Rule of Appellate Procedure 24(a)(3) does not apply.

The Sixth Amendment's right to counsel does not apply in
habeas corpus actions.  <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728
(9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) provides
that in habeas cases, whenever "the court determines that the
interests of justice so require, representation may be provided
for any financially eligible person . . . ."  Petitioner's claims
are not particularly complex.  The interests of justice do not
require appointment of counsel.  The motion for appointment of
counsel is DENIED.

Plaintiff's motion for relief from judgment is DENIED.
Because the motion was filed after the filing of a notice of
appeal, the Court lacks jurisdiction to consider the motion, <u>see</u>
<u>Natural Res. Def. Council, Inc. v. Southwest Marine Inc.</u>, 242 F.3d
1163, 1166 (9th Cir. 2001) (once notice of appeal is filed,
district court loses jurisdiction), and the Court is not disposed
to entertain the motion, so the Court of Appeals need not remand
for ruling, <u>see</u> <u>Williams v. Woodford</u>, 384 F.3d 567, 586 (9th Cir.
2002).

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motion to proceed IFP on appeal is denied.
Doc. no. 26.

2. Plaintiff's motion for appointment of counsel on appeal is
denied.  Doc. no. 27.

2

1    3. Plaintiff's motion for relief from judgment is denied.

2  Doc. no. 31.

3    4. The Clerk of the Court shall mail a copy of this Order to

4  the Ninth Circuit Court of Appeals.

5    IT IS SO ORDERED.

6

7  Dated:  2/12/2014

CLAUDIA WILKEN

United States District Judge

8

9

10  cc: NC